IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-01558-LTB-MEH

EVAN BARK,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

___

ORDER
___

    This case is before me on Defendant's Motion for Summary Judgment [Doc # 18]. After consideration of the motion, all related pleadings, and the case file, I grant Defendant's motion for the reasons set forth below.

## I. Background

    For purposes of Defendant's motion, the following facts are undisputed in this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), unless otherwise noted.

    Plaintiff was an Airman First Class in the United States Air Force and stationed at Schriever Air Force Base ("Schriever") in Colorado Springs, Colorado. In May of 2007, Plaintiff was honorably discharged from the Air Force and issued a barment letter which barred him from entering Schriever for a period of 2 years.

    On March 1, 2008, Plaintiff was cited for speeding while driving on the property of the United States Air Force Academy ("USAFA") by Security Officer McAllister. Access to the USAFA is restricted, and its perimeter is enclosed in a manner designed to exclude intruders. At

the time of his citation, Plaintiff was on his way to his job with a civilian contractor at the USAFA Commissary.

When the traffic citation was entered into the Air Force security and the Central Violations Bureau databases, USAFA security squadron personnel learned of the Schriever barment letter. USAFA Instruction 31-104 which was in effect at the time stated that "USAFA will honor barments issued by other installation commanders regardless of service component affiliation." USAFA Instruction 31-104 is marked "For Official Use Only" and was thus inaccessible to Plaintiff.

On March 3, 2008, Officer McAllister informed Security Officer Jeffrey Fay about the Schriever barment letter. Officer Fay was aware of USAFA Instruction 31-104. Officer Fay issued Plaintiff a summons for second degree criminal trespass at the USAFA Commissary based on USAFA Instruction 31-104. Plaintiff had no prior notice that he was barred from USAFA property as a result of the Schriever barment letter.

Officer Fay did not search Plaintiff at the time he issued him the summons for second degree trespass but the parties dispute whether Officer Fay arrested Plaintiff. Another USAFA Security Officer escorted plaintiff off the USAFA property. The second degree criminal trespass charge against Plaintiff was subsequently dismissed.

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III.  Analysis

Under the FTCA, the tort liability of the United States is limited to circumstances where a private person would be liable to the claimant under the law of the place where the alleged tortious conduct occurred.  28 U.S.C. § 146(b)(1).  In this case, the tort liability of the United States is determined under Colorado law because the alleged torts occurred in Colorado.

**A. False Arrest/False imprisonment**

Under Colorado law, a plaintiff must prove the following elements to sustain a claim for false imprisonment: (1) the defendant intended to restrict the plaintiff's freedom of movement; (2) the plaintiff's freedom of movement was restricted for a period of time, however short, either directly or indirectly, by an act of defendant; and (3) the plaintiff was aware that his freedom of movement was restricted.  CJI Civ. - 4th 21:1.  Additionally, a claim for false imprisonment fails if the defendant had probable cause to believe that the plaintiff has committed a criminal offense. *Rose v. City & County of Denver,* 990 P.2d 1120, 1123 (Colo. App. 1999).  *See also* CJI - Civ. - 4th 21:11 (identifying privilege of peace officer to arrest with probable cause as affirmative defense to claim of false imprisonment).  Probable cause that a criminal offense has been committed exists when a reasonable person under the same or similar circumstances would believe that a criminal offense has been committed.  CJI - Civ. 4th 21:13.

While it disputes that Officer Fay arrested Plaintiff, Defendant's motion for summary judgment focuses on whether Officer Fay had probable cause to believe that Plaintiff had committed the crime of second degree criminal trespass.  Pursuant to C.R.S. § 18-4-503(1)(a), a person commits this crime if such person "[u]nlawfully enters or remains in or on the premises of another which are enclosed in a manner designed to exclude intruders or are fenced."

Although not specified in Section 18-4-503, a person must "knowingly" commit the crime of second degree criminal trespass. CJI - Crim. 17:03.

Defendant argues that Officer Fay had probable cause to arrest Plaintiff based on his knowledge of the Schriever barment letter and USAFA Instruction 31-104. In response, Plaintiff argues that Officer Fay did not have probable cause to arrest him because Officer Fay had no basis to know whether Plaintiff had the requisite *mens rea* to commit the crime of second degree criminal trespass. Specifically, Plaintiff argues that Officer Fay would have to assess Plaintiff's awareness of USAFA Instruction 31-104 to determine whether Plaintiff had knowingly trespassed on USAFA property.

Neither Plaintiff nor Defendant cite any legal authority as to whether probable cause may exist where an officer has no proof of the requisite *mens rea.* Common sense dictates, however, that such proof is not required; otherwise, officers would almost never have probable cause to arrest or detain a person. Moreover, in general, the requirements for probable cause are distinguishable from the requirements for proving guilt. *See Holt v. United States,* 404 F.2d 914, 919 (10th Cir. 1968), cert. denied 393 U.S. 1086 (1969) ("It is not necessary that the [arresting] officer possess knowledge of facts sufficient to establish guilt, all that is required is knowledge that would furnish a prudent man with reasonable grounds for believing a violation had occurred.").

Here, I conclude that Officer Fay's undisputed knowledge of the Schriever barment letter and USAFA Instruction 31-104 are sufficient to establish that Officer Fay had reasonable grounds for believing that Plaintiff had committed second degree criminal trespass by his presence on USAFA property. Thus, Plaintiff's claim for false imprisonment fails as a matter of

law.

## B. Malicious Prosecution

Under Colorado law, the elements of a malicious prosecution claim are (1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages. *Hewitt v. Rice,* 154 P.2d 408, 411 (Colo. 2007). When a malicious prosecution claim is based on criminal charges, "the criminal prosecution must be disposed of in a way which indicates the innocence of the accused." *Allen v. City of Aurora,* 892 P.2d 333, 336 (Colo. App. 1994).

I have already concluded that Officer Fay had probable cause to detain and/or arrest Plaintiff. Additionally, Plaintiff has not presented any evidence to demonstrate that the dismissal of the second degree criminal trespass charge against him was based on a determination of the merits of this charge. Thus, Plaintiff's malicious prosecution claim fails as a matter of law.

## C. Abuse of Process

In Colorado, "[t]he essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve." *Walker v. Van Laningham,* 1498 P.3d 391, 394 (Colo. App. 2006). In its motion, Defendant asserts that there is no evidence that criminal proceedings were initiated against Plaintiff for any purpose other than to prosecute him for second degree criminal trespass. Plaintiff has not identified any such evidence in his response to the motion. I therefore conclude that Defendant is entitled to judgment as a matter of law on Plaintiff's claim for abuse of process.

## D. Negligence

Plaintiff's Complaint alleged that Defendant is liable for negligence to the extent that

6

Officer Fay misinterpreted the Schriever barment letter and/or to the extent that another officer incorrectly input information regarding this letter into a central information system leading to a mistaken belief that Plaintiff was barred from USAFA property.  It would appear then that at the time he filed his Complaint, Plaintiff was unaware of USAFA Instruction 31-104 which is the basis for the belief of Officer Fay and others that Plaintiff was barred from USAFA property.

In his response to Defendant's motion for summary judgment, Plaintiff argues that Officer Fay was negligent for not realizing that Plaintiff had no knowledge that he was barred from USAFA property as a result of the Shriever barment letter.  Defendant argues that this constitutes an improper attempt by Plaintiff to amend his complaint.  In the parties' September 27, 2011, Final Pretrial Order, however, Plaintiff made a similar assertion as the basis for his negligence claim, and Defendant made no objection.

In any event, Plaintiff's negligence claim fails as a mater of law.  Since Officer Fay had probable cause to arrest and/or detain Plaintiff, there can be no breach of any legal duty that Officer Fay owed to Plaintiff by his failure to determine that Plaintiff had no prior knowledge that he was barred form USAFA property.  *See Simkunas v. Tardi,* 930 F.2d 1287, 1292 (7th Cir. 1991) (officers with sufficient evidence to establish probable cause were under no obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence).

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's Motion for Summary Judgment [Doc # 18] is GRANTED;

2. Plaintiff's claims are DISMISSED WITH PREJUDICE;

3. Final judgment shall enter in favor of Defendant on Plaintiff's claims; and

    4.  Defendant is awarded its costs.

Dated: February __1__, 2012 in Denver, Colorado.

                                         BY THE COURT:

                                         ___s/Lewis T. Babcock_____  
                                         LEWIS T. BABCOCK, JUDGE